■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL HAIRSTON, Appellant. [649 NYS2d 813] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mogil, J.), rendered April 7, 1994, convicting him of assault in the second degree and robbery in the second degree

(four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant asserts that it was error to allow the People to introduce into evidence at trial a gun obtained by the police from the defendant's home in his absence and without a warrant. We conclude to the contrary.

The evidence tended to establish that the gun had been kept in the possession of the defendant's brother, but it failed to reveal from what room the brother retrieved it upon the request of police officers. Assuming, arguendo, that the defendant had standing to challenge the seizure of the gun under those circumstances, the hearing record supports a finding that the brother had the apparent authority to turn the item over to the police, that the police reasonably relied upon his apparent authority to consent to their seizure of the gun from the residence (*see, People v Adams,* 53 NY2d 1, 8-10, *cert denied* 454 US 854), and that the brother's consent was voluntary (*cf., People v Gonzalez,* 39 NY2d 122, 128-130).

We have considered the defendant's remaining contention and find it to be unpreserved for appellate review and, in any event, without merit. Rosenblatt, J. P., O'Brien, Sullivan and McGinity, JJ., concur.