■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. EHRENBERG, Appellant. [653 NYS2d 137] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered April 18, 1994, convicting him of murder in the second degree (two counts), robbery in the first degree, burglary in the first degree, and leaving the scene of an incident without reporting, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and a statement he made to the police.

Ordered that the judgment is affirmed.

The defendant contends that he was unlawfully arrested in his home without a warrant in violation of *Payton v New York* (445 US 573), and that all of the evidence obtained as a result of his arrest must therefore be suppressed. However, the record supports the hearing court's finding that the defendant did not reside in the apartment where he was arrested, and thus had no legitimate expectation of privacy in the premises (*see, People v Ortiz,* 83 NY2d 840; *People v Aguirre,* 220 AD2d 438). In any event, the evidence presented at the hearing demonstrated that the police reasonably relied upon the apparent

authority of the resident who permitted them to enter the premises. Accordingly, the ensuing arrest of the defendant was not illegal (*see, People v Adams*, 53 NY2d 1, 8-10, *cert denied* 454 US 854; *People v Hairston*, 233 AD2d 340; *People v Johnson*, 202 AD2d 966).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant claims that he was improperly adjudicated a persistent violent felony offender based upon a conviction rendered more than 10 years prior to the commission of the instant felonies (*see,* Penal Law § 70.04 [1] [b] [iv]). However, since the defendant failed to raise this issue at sentencing, it is unpreserved for appellate review (*see, People v Smith*, 73 NY2d 961; *People v Oliver*, 63 NY2d 973; *People v Polowczyk*, 157 AD2d 865). In any event, although nearly 14 years elapsed between the defendant's 1978 conviction of attempted burglary in the second degree and his commission of the felonies for which he now stands convicted, the limitations period was tolled for approximately six years while the defendant was incarcerated (*see,* Penal Law § 70.04 [1] [b] [v]; *People v Dritto*, 178 AD2d 428, 429). We further note that the defendant's sentence was neither unduly harsh nor excessive under the circumstances of this case (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Rosenblatt, Copertino and Krausman, JJ., concur.