■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY RAY, Also Known as JERRY ISON, Appellant. [678 NYS2d 890] —Judgment, Supreme Court, Bronx County (Elbert Hinkson, J.), rendered August 2, 1995, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 8 years to life, unanimously affirmed.

The court properly exercised its discretion in its *Sandoval* ruling by permitting inquiry into defendant's entire criminal

record, while prohibiting elicitation of the nature and underlying facts of the convictions.

The court properly refused to charge criminal trespass in the second degree as a lesser included offense since there was no reasonable view of the evidence that defendant committed the lesser offense but not the greater. The evidence negated any nonlarcenous explanation of defendant's entry into the victims' house. Defendant's requested charge on the subject of intent misstated the law and thus was properly denied. Defendant's contention that the court should have omitted from its charge on burglary any reference to "remains unlawfully" (*People v Gaines*, 74 NY2d 358, 363) is unpreserved, since defendant failed to object to the court's instruction on second-degree burglary as given, and we decline to review the matter in the interest of justice. Were we to review this claim, we would conclude that "the error was harmless, because there was no reasonable view of the evidence that defendant entered without criminal intent" (*People v Jackson*, 202 AD2d 250, *lv denied* 83 NY2d 911), and no possibility that the jury was misled by the "or remain" language.

Defendant's contention that the People's persistent violent felony offender information was defective is unpreserved (*People v Smith*, 73 NY2d 961; *People v Ehrenberg*, 236 AD2d 420, 421, *lv denied* 89 NY2d 1011), and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be without merit. Concur—Nardelli, J. P., Rubin, Tom and Mazzarelli, JJ.