■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN PARKER, Appellant. [682 NYS2d 136] —Judgment, Supreme Court, Bronx County (William Donnino, J., at suppression hearing; Gerald Sheindlin, J., at jury trial and sentence), rendered March 26, 1996, convicting defendant of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 15 years to life, unanimously affirmed.

The hearing court properly denied defendant's motion for suppression of the showup identifications, as well as defendant's application to call the complainants at the hearing. It was an appropriate exercise of discretion to deny defendant's application to call the complainants, since there was no evidence to support defendant's purely speculative claim that the police improperly influenced the identifications (*see, People v Taylor*, 80 NY2d 1, 15; *see also, People v Stafford*, 215 AD2d 212, *lv denied* 86 NY2d 784). There was no showing that the showup procedure, conducted in close temporal and spatial proximity to the crime, was so suggestive as to create a substantial likelihood of misidentification (*see, People v Duuvon*, 77 NY2d 541).

The verdict was not against the weight of the evidence. As this Court has previously ruled in connection with the appeal of the codefendant, "The issues relating to the reliability of identification testimony and credibility of witnesses were properly presented for the jury's consideration, and the record provides no basis for disturbing its determinations" (*People v Evans*, 245 AD2d 87, *lv denied* 91 NY2d 925).

The court properly instructed the jury regarding the contested issue of identification by stating the material legal principles and explaining the application of the law to the facts (*supra*). In addition, the court appropriately balanced the charge by outlining the contentions of defendant and the codefendant regarding the alleged unreliability of the identification evidence (*see, People v Olivera*, 168 AD2d 361, *lv denied* 78 NY2d 957).

Defendant did not preserve his current claim that a previous violent felony conviction was improperly utilized for sentence enhancement purposes (*People v Oliver*, 63 NY2d 973; *People v*

*Ehrenberg*, 236 AD2d 420, *lv denied* 89 NY2d 1011), and we decline to review it in the interest of justice. Were we to review this claim, we would find that, since defendant conceded in his pre-sentence memorandum that the ten-year limitation on the use for sentence enhancement purposes of his 1980 conviction was tolled by his 6½ year period of incarceration, the 1980 conviction was properly utilized in determining defendant's status as a persistent violent felony offender, and any omission in the People's predicate violent felony offender statement was rendered harmless (*see, People v Bouyea*, 64 NY2d 1140). Concur—Rosenberger, J. P., Wallach, Rubin and Saxe, JJ.