■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES COREY, Also Known as DONNIE MALONIE, Appellant. [699 NYS2d 672] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered January 19, 1994, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 15 years to life, and judgment, same court (Carol Berkman, J.), rendered November 20, 1996, convicting defendant, upon his plea of guilty, of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a concurrent term of 16 years to life, unanimously affirmed.

Defendant's challenge to the court's use of "or remained" language (*see, People v Gaines*, 74 NY2d 358, 363) in its burglary charge is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that, under the facts presented, there was no possibility that the jury was misled by the erroneous use of the phrase "entered or remained" (*see, People v Ray*, 254 AD2d 189, *lv denied* 92 NY2d 985). Concur—Lerner, J. P., Saxe, Buckley and Friedman, JJ.

■ In the Matter of DEREK B., a Person Alleged to be a Juvenile Delinquent, Appellant. [700 NYS2d 114] —Order of disposition, Family Court, Bronx County (Alma Cordova, J.), entered on or about December 1, 1998, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed an act which, if committed by an adult, would constitute the crime of criminal sale of a controlled substance in the third degree, and placed him in the custody of the New York State Office for Children and Family Services for a period of 18 months, unanimously affirmed, without costs.

Given appellant's history of insufficient supervision at home, his arrest while on parole, and his escalating pattern of antisocial and disruptive behavior, the Family Court properly exercised its discretion in placing appellant in a non-secure facility. Under the circumstances presented, we find that the Family Court adopted the least restrictive alternative consistent with appellant's needs (Family Ct Act § 352.2 [2]; *Matter of Katherine W.*, 62 NY2d 947). Concur—Lerner, J. P., Saxe, Buckley and Friedman, JJ.