■ The People of the State of New York, Respondent, v Melvin Price, Appellant. [792 NYS2d 68]—

Judgment, Supreme Court, Bronx County (Patricia Anne Williams, J.), rendered November 13, 2001, convicting defendant, after a jury trial, of two counts of criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed.

The evidence was legally sufficient and the verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). The People established that defendant knew the checks were forged by evidence that he recently and exclusively possessed them, that although he was the named payee, the organization that purportedly issued the checks never employed him nor was his debtor, that he attempted to cash the two checks at different times and locations, that he behaved nervously at the check-cashing sites, and that the checks' appearance was suspicious in several respects (*see People v Johnson*, 65 NY2d 556 [1985]). Moreover, the jury could have readily concluded that the explanation defendant gave to the arresting officer was implausible.

Because defendant's appellate challenge to the court's jury instruction on the element of knowledge was not preserved as required (*see People v Thomas*, 50 NY2d 467 [1980]), we decline to review it in the interest of justice. Were we to review it, we would find that although the original charge incorrectly instructed the jury with respect to the knowledge element (*Johnson,* 65 NY2d at 561), the court's supplemental instruction was minimally sufficient to correct the error. It is with regret that we again take this opportunity to express our disap-

pointment that this jury instruction was drafted and given by the court, apparently, without consulting controlling legal authority or a recognized aid such as CJI2d (NY).

Defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Counsel's failure to make various arguments concerning the court's main and supplemental charges and other matters did not cause any prejudice or deprive defendant of a fair trial (*see People v Hobot*, 84 NY2d 1021, 1024 [1995]).

Defendant's remaining contentions, each of which requires preservation, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Marlow, J.P., Sullivan, Ellerin and Catterson, JJ.