■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER BLAKE, Appellant. [876 NYS2d 653]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered February 28, 2006, as amended March 8, 2006, convicting him of attempted murder in the second degree, criminal possession of a weapon in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to the police.

Ordered that the judgment, as amended, is affirmed.

The court properly denied the defendant's motion to suppress, as the fruit of an unlawful warrantless arrest inside his home, statements he made to, or in the presence of, law enforcement officers (*see Payton v New York,* 445 US 573 [1980]). The record supports the hearing court's determination that the apartment where the defendant was arrested was not his residence, and that he had no reasonable expectation of privacy in it (*see People v Ortiz,* 83 NY2d 840, 842 [1994]; *People v Ehrenberg,* 236 AD2d 420 [1997]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342, 349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]), and the defendant's remaining contentions are without merit. Skelos, J.P., Fisher, Florio and Leventhal, JJ., concur.