The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). The chain of circumstances surrounding defendant’s receipt of a fraudulent debit card from the codefendant, as observed by a police officer, and defendant’s use of the card supported the inference that defendant knew it was forged (see e.g. People v Price, 16 AD3d 323 [1st Dept 2005], lv denied 5 NY3d 767 [2005]). Furthermore, defendant’s trial testimony explaining his acquisition of the card was incredible, and this testimony contained material admissions that further supported the inference of knowledge. The element of fraudulent intent was established by defendant’s use of the card, which *542 had been altered so that a third party would be billed for the transaction, to make an expensive purchase.
Any error in instructing the jury on the presumption arising from possession of two or more forged cards (Penal Law § 170.27) was harmless. There is no reasonable possibility that the jury based its verdict on an improper theory (see People v Ray, 254 AD2d 189 [1st Dept 1998], lv denied 92 NY2d 985 [1998]; compare People v Martinez, 83 NY2d 26, 33-34 [1993], cert denied 511 US 1137 [1994]). Concur — Gonzalez, P.J., Sweeny, Acosta, Renwick and Manzanet-Daniels, JJ.