# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**417**

**KA 06-02294**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

MARIA A. RICE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered June 28, 2006.  The judgment convicted defendant, upon a jury verdict, of criminal possession of a forged instrument in the second degree (two counts) and attempted petit larceny.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment that convicted her following a jury trial of two counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and one count of attempted petit larceny (§§ 110.00, 155.25), defendant contends that the conviction of the two counts of criminal possession of a forged instrument is not supported by legally sufficient evidence.  At the close of the People's case, defense counsel moved for a trial order of dismissal on the ground that the People had failed to establish that defendant knew that the traveler's checks she had attempted to cash were counterfeit.  That motion was denied, and defendant then testified on her own behalf.  Defendant concedes that defense counsel did not renew the motion at the close of defendant's proof, and her contention that the issue nevertheless is preserved for our review is without merit (*see People v Lane*, 7 NY3d 888, 889; *cf. People v Payne*, 3 NY3d 266, 273, *rearg denied* 3 NY3d 767).

Because defendant also challenges the weight of the evidence supporting the verdict on those two counts, we nevertheless address the evidence adduced concerning the element of knowledge (*see generally People v Stepney*, 93 AD3d 1297, 1298, *lv denied* 19 NY3d 968).  Contrary to defendant's contention, the People presented sufficient evidence establishing that defendant knew the traveler's checks were counterfeit and, viewing the evidence in light of the elements of the crime of criminal possession of a forged instrument as

charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  As part of their direct case, the People introduced in evidence defendant's testimony before the grand jury.  Moreover, defendant testified at trial and, inasmuch as she "elected to give h[er] version of the [events] and thereby put h[er] credibility in issue, we may unquestionably consider the plausibility of h[er] [testimony] in deciding whether the [jury] was justified in rejecting [it]" (*People v Potenza*, 92 AD2d 21, 29). We conclude that defendant's testimony was "patently incredible" (*People v Quinones*, 302 AD2d 210, 210, *lv denied* 100 NY2d 541). Indeed, "[t]he chain of circumstances surrounding defendant's receipt of [the] fraudulent [traveler's checks] from [a stranger in Nigeria], . . . and defendant's use of the [checks] supported the inference that defendant knew [they were] forged . . . Furthermore, defendant's [grand jury and] trial testimony explaining [her] acquisition of the [checks] was incredible, and this testimony contained material admissions that further supported the inference of knowledge" (*People v Credel*, 99 AD3d 541, 541, *lv denied* 20 NY3d 1060; *see People v Price*, 16 AD3d 323, 323, *lv denied* 5 NY3d 767).

Entered:  April 26, 2013                    Frances E. Cafarell
                                            Clerk of the Court