People v Roberts (2022 NY Slip Op 01183)





People v Roberts


2022 NY Slip Op 01183


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
WILLIAM G. FORD, JJ.


2018-01193
 (Ind. No. 712/16)

[*1]The People of the State of New York, respondent,
v
Kevinton Roberts, appellant.


Patricia Pazner, New York, NY (Kendra L. Hutchinson of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Matthew C. Harnisch of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John Latella, J.), rendered December 18, 2017, convicting him of criminal possession of a forged instrument in the second degree and attempted petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence, and the defendant's renewed motion to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant was convicted of criminal possession of a forged instrument in the second degree and attempted petit larceny based upon his attempt to purchase merchandise from a Century 21 department store using a forged gift card. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Johnson, 65 NY2d 556). Moreover, upon our independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The chain of circumstances surrounding the defendant's use of the gift card, which had been altered so that a third party would be billed for the transaction, supported the inference that the defendant knew it was forged (see People v Prince, 146 AD3d 491, 491-492; People v Rice, 105 AD3d 1443, 1444; People v Silberezweig, 58 AD3d 762, 762-763). The gift card had several indicia that it had been altered (see People v Brousseau, 149 AD3d 1275, 1277), and the defendant stated to the store's security guards that he purchased the gift card from a stranger for $20, but then attempted to use it to purchase nearly $70 worth of clothing.
The Supreme Court properly denied, without a hearing, that branch of the defendant's omnibus motion which was to suppress items recovered by the store's security guards, as well as his renewed suppression motion. The defendant failed to allege facts supporting a finding that the store employees were state actors (see People v Robertson, 167 AD3d 451, 451; People v Cates, 139 AD3d 455, 456).
BRATHWAITE NELSON, J.P., IANNACCI, RIVERA and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court