People v Ge (2025 NY Slip Op 02732)

People v Ge

2025 NY Slip Op 02732

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Scarpulla, Mendez, Rodriguez, Pitt-Burke, JJ. 

Ind. No. 3433/18|Appeal No. 4269|Case No. 2020-02470|

[*1]The People of the State of New York, Respondent,
v
Renping Ge, Defendant-Appellant.

Caprice R. Jenerson, Office of The Appellate Defender, New York (Sean Nuttall of counsel), and King & Spalding LLP, New York (Grace Miller of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (John Cheever of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert Mandelbaum, J.), rendered February 7, 2020, as amended February 21, 2020, convicting defendant, after a jury trial, of grand larceny in the third degree (3 counts), criminal possession of a forged instrument in the second degree (4 counts), and identity theft in the first degree (11 counts), and sentencing him to an aggregate term of 3 to 9 years, unanimously affirmed.
Defendant's legal insufficiency claims, challenging the People's evidence of his state of mind with respect to all charges, are unpreserved, and we decline to review them in the interest of justice (see People v Gray, 86 NY2d 10, 20-21 [1995]). As an alternative holding, we reject them on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]). The evidence, including surveillance footage depicting defendant's conduct within the store, testimony that defendant never had a store credit account, his use of a forged credit card bearing a fictitious name, testimony from an investigator explaining how a store credit card recovered from defendant was determined to be fraudulent, and defendant's statement to the investigator that he obtained that card from an unavailable Chinese website, demonstrated that defendant knowingly intended to defraud the true account holders by assuming their identities, which he accomplished by using their store credit card account numbers to purchase merchandise (see Penal Law §§ 190.77[1], 190.80; People v Roberts, 31 NY3d 406, 419 [2018]). It further demonstrated that defendant knowingly possessed the forged credit cards (see Penal Law §§ 170.10[1], 170.25; People v Price, 16 AD3d 323 [1st Dept 2005], lv denied 5 NY3d 767 [2005]), and that he intentionally stole property (see Penal Law §§ 155.05, 155.35[1]; People v Olivo, 52 NY2d 309, 320 n 8 [1981]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025