■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS BANDERA, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Colabella, J.), rendered October 29, 1987, convicting him of criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial of those branches of the defendant's omnibus motion which were (1) to controvert a search warrant, without a hearing, and (2) to suppress statements made by him to law enforcement officials, after a hearing.

Ordered that the judgment is affirmed.

The defendant and several other individuals were arrested during the execution of a search warrant when the police discovered several vials containing crack-cocaine in a "footlocker" located in the searched premises. After being taken into custody, the defendant was advised of his *Miranda* rights. He subsequently informed one of the detectives handling the investigation that the drugs removed from his footlocker, after he provided a patrolman with the key, were his and that he did not want to get his friends into trouble.

The defendant, who does not challenge the scope of the search conducted, was by his own admission, a guest in the apartment and he failed to allege facts *(see,* CPL 710.60 [3]) which otherwise demonstrated a legitimate expectation of privacy in the searched premises *(see, People v Rodriguez,* 69 NY2d 159; *see also, People v Melendez,* 160 AD2d 739). The defendant thus lacks standing *(see, People v Ponder,* 54 NY2d 160) to challenge the validity of the warrant or to demand a *Darden* hearing *(see, People v Darden,* 34 NY2d 177), and the defendant's use of the premises to store and sell drugs, without more, will not confer upon him the standing he otherwise lacks *(People v Rodriguez, supra; People v Melendez, supra).*

We note that there was ample evidence contained in the record to conclude that the defendant knowingly and voluntarily waived his *Miranda* rights.

We have considered the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Kooper, Harwood and Balletta, JJ., concur.