OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The defendant was found guilty, after a jury trial, of criminal possession of a controlled substance in the third degree and was thereafter sentenced to four and one-half to nine years’ imprisonment. A divided panel of the Appellate Division affirmed the conviction, agreeing with the suppression court that the defendant had no standing to challenge the warrantless entry into his girlfriend’s apartment, and that defendant’s motion to suppress the evidence seized by the arresting officer was properly denied.
One seeking standing to assert a violation of his Fourth Amendment rights must demonstrate a legitimate expectation of privacy. One may have an expectation of privacy in premises not one’s own, e.g., an overnight guest (Minnesota v Olson, 495 US 91) or a familial or other socially recognized relationship (People v Rodriguez, 69 NY2d 159; People v Ponder, 54 NY2d 160). However, as the undisturbed findings of the trial court demonstrate, the defendant had relatively tenuous ties to the apartment wherein he was arrested.
*843 The trial court’s findings as affirmed by the Appellate Division that the defendant was a casual visitor to that apartment and did not have any reasonable expectation of privacy within the apartment on the date of his arrest cannot be disturbed on our review since there is evidence in the record to support the conclusion of lack of standing. Similarly, there is no basis in the record for defendant’s alternative contention that, even if he had no standing to contest the warrantless entry into his girlfriend’s apartment, the cocaine must nonetheless be suppressed.
Based on our limited review power, we have no basis to upset the conclusion below that the officers had objective, credible reasons to walk into the bedroom upon reasonable belief that they were in a drug-related apartment. They had received information about drug activity and, upon observing defendant on the bed holding a plastic bag containing a white powder which appeared to be narcotics, were justified in seizing the contraband.