■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH KENNEDY, Appellant. [725 NYS2d 369] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered January 4, 1999, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his contention that the warrantless search of his sister's apartment was illegal. In any event, in order to have requisite standing to contest the search of a premises, the defendant must establish that he had a reasonable expectation of privacy in the area searched (*see, Rakas v Illinois*, 439 US 128, 143; *People v Burke*, 251 AD2d 424). The ultimate burden is on the defendant. However, the operative facts may be gleaned from the record as a whole, including the account of the events offered by the police officer (*see, People v Gonzalez*, 68 NY2d 950). In this case, the only relevant evidence established that the defendant stated that he had no clothes in the apartment when he was found, and that he had listed a different address than his sister's apartment on the on-line booking sheet. Thus, the evidence was insufficient to conclude that the defendant had a reasonable expectation of privacy in his sister's apartment (*see, People v Ponder*, 54 NY2d 160; *People v Adames*, 168 AD2d 623).

The defendant contends that the evidence was legally insufficient and that the verdict was against the weight of the evidence because the People failed to prove that he had an unlawful intent to use a gun. Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari*, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo*, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see, CPL 470.15 [5]*).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Goldstein, J. P., McGinity, Schmidt and Smith, JJ., concur.