■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFREDO GONZALEZ, Appellant. [845 NYS2d 817]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered December 5, 2002, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made by him to the police.

Ordered that the judgment is affirmed.

In order to have standing to contest the search of a premises, the defendant must establish that he had a reasonable expectation of privacy in the area searched (*see People v Ortiz,* 83 NY2d 840, 842 [1994]; *People v Kennedy,* 284 AD2d 346 [2001]). Contrary to the defendant's contention, he failed to establish that he had a reasonable expectation of privacy in the premises as he was only a casual visitor to the premises (*see People v Ortiz,* 83 NY2d at 842-843; *People v Abreu,* 239 AD2d 424 [1997]; *People v Bandera,* 166 AD2d 657 [1990]; *People v Melendez,* 160 AD2d 739 [1990]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence recovered from the premises, and properly denied that branch of the omnibus motion which was to suppress his statement made to the police on the ground that it was derived from an illegal search.

The defendant failed to preserve for appellate review his challenges to certain remarks made by the prosecutor during summation, as defense counsel did not object to them (*see* CPL 470.05 [2]; *People v Kirby,* 34 AD3d 695, 695-696 [2006]). In any event, the challenged remarks were either responsive to defense

counsel's summation, constituted fair comment on or reasonable inferences drawn from the evidence, or were harmless error (*see People v Pierre*, 30 AD3d 622 [2006]; *People v Pearson*, 20 AD3d 575, 577 [2005]; *People v Rhodes*, 11 AD3d 487, 488 [2004]; *cf. People v Ashwal* 39 NY2d 105, 109-110 [1976]).

The defendant's claim that he was denied the effective assistance of counsel is without merit (*see People v Benevento*, 91 NY2d 708, 714-715 [1998]; *People v Gillespie*, 36 AD3d 626, 627 [2007]).

The defendant's remaining contention, raised in point II of his brief, is without merit. Crane, J.P., Lifson, Covello and McCarthy, JJ., concur.