Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered February 4, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Supreme Court properly denied without a hearing that part of defendant’s omnibus motion seeking suppression of physical evidence seized during a search of the subject residence. Defendant’s motion did not contain sworn allegations of fact supporting the conclusion that he has standing to contest the legality of the search of the residence (see CPL 710.60 [3] [b]; see generally People v Brunson, 226 AD2d 1093, 1093-1094 [4th Dept 1996], lv dismissed 88 NY2d 981 [1996]). In support of his motion, defendant submitted his written statement to the police in which he stated that he did not know the resident of the premises inasmuch as he had just met her on the night in question, and that he was at the premises for the purpose of socializing with her and other guests. Based on that statement, defendant was “no more than a casual visitor having ‘relatively tenuous ties’ to the [premises]” and he thus lacks standing to contest the legality of the search (People v Pope, 113 AD3d 1121, 1122 [4th Dept 2014], lv denied 23 NY3d 1041 [2014], quoting People v Ortiz, 83 NY2d 840, 842 [1994]; see People v Gonzalez, 45 AD3d 696, 696 [2d Dept 2007], lv denied 10 NY3d 811 [2008]).
 

 In light of our determination, defendant’s remaining contentions have been rendered academic.
 

 Present—Centra, J.P., Peradotto, Carni, DeJoseph and Winslow, JJ.