People v Ibarguen (2019 NY Slip Op 05149)





People v Ibarguen


2019 NY Slip Op 05149


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2017-06039
 (Ind. No. 10191/15)

[*1]The People of the State of New York, respondent,
v
Eric Ibarguen, appellant.


Paul Skip Laisure, New York, NY (Benjamin Welikson of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Kathryn E. Mullen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gene Lopez, J.), rendered May 9, 2017, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing (Toko Serita, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's determination to deny that branch of the defendant's omnibus motion which was to suppress physical evidence without conducting a hearing (see CPL 710.60[3][a]). The defendant failed to establish a reasonable expectation of privacy in the apartment at which he was merely a casual visitor, and thus, he lacked standing to challenge the warrantless entry and subsequent search of the premises (see People v Ortiz, 83 NY2d 840).
The Supreme Court should have granted the defendant's request to instruct the jury on cross-racial identification (see People v Boone, 30 NY3d 521; People v Jordan, 167 AD3d 1044). However, the failure to give the charge constituted harmless error, as there was overwhelming evidence of the defendant's guilt and no significant probability that the defendant would have been acquitted if not for the error (see People v Jordan, 167 AD3d at 1045).
The defendant's contention that he was deprived of a fair trial because the Supreme Court's charge regarding flight as consciousness of guilt lacked a factual predicate and was misleading is without merit, and any error in giving the charge was harmless (see People v Crimmins, 36 NY2d 230; People v Redd, 81 AD3d 751).
DILLON, J.P., BALKIN, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court