People v Hall (2023 NY Slip Op 03586)

People v Hall

2023 NY Slip Op 03586

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

262 KA 18-01624

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEPHAN HALL, DEFENDANT-APPELLANT. 

JULIE A. CIANCA, PUBLIC DEFENDER, ROCHESTER (GUY A. TALIA OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered June 25, 2018. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, we conclude that Supreme Court properly refused to suppress tangible evidence. The court correctly determined that defendant failed to establish standing to challenge the legality of the search that resulted in the recovery of the subject handgun (see generally People v Smith, 155 AD3d 1674, 1675 [4th Dept 2017], lv denied 30 NY3d 1120 [2018]; People v Gonzalez, 45 AD3d 696, 696 [2d Dept 2007], lv denied 10 NY3d 811 [2008]). The evidence at the suppression hearing established that defendant had placed the handgun inside of a jacket, which he then left on a shelf in a convenience store in an area that was open to the public. Although defendant occasionally assisted the store owner, defendant was not an employee of the store and was merely a "casual visitor having relatively tenuous ties" to the premises (Smith, 155 AD3d at 1675 [internal quotation marks omitted]; see Gonzalez, 45 AD3d at 696; People v Aquart, 86 AD2d 616, 616 [2d Dept 1982]). Defendant failed to demonstrate that he had a legitimate expectation of privacy in the place where the jacket and handgun were found (see People v Fall, 205 AD3d 482, 483 [1st Dept 2022], lv denied 38 NY3d 1133 [2022]; People v Johnson, 209 AD2d 721, 721 [2d Dept 1994], lv denied 84 NY2d 1033 [1995]; see generally People v Sweat, 159 AD3d 1423, 1423 [4th Dept 2018]).
Defendant further contends that Penal Law § 265.03 is unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (— US &mdash, 142 S Ct 2111 [2022]). Inasmuch as defendant failed to raise a constitutional challenge before the trial court, any such challenge is not preserved for our review (see People v Jacque-Crews, 213 AD3d 1335, 1336 [4th Dept 2023], lv denied 39 NY3d 1111 [2023]; People v Reese, 206 AD3d 1461, 1462-1463 [3d Dept 2022]; see generally People v Reinard, 134 AD3d 1407, 1409 [4th Dept 2015], lv denied 27 NY3d 1074 [2016], cert denied — US &mdash, 137 S Ct 392 [2016]). Contrary to defendant's contention, his "challenge to the constitutionality of a statute must be preserved" (People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006], rearg denied 7 NY3d 742 [2006]).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court