■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GARCIA, Appellant. [811 NYS2d 402]—

Judgment, Supreme Court, New York County (Charles Solomon, J., on recusal motion; Gregory Carro, J., at jury trial and sentence), rendered November 17, 2003, convicting defendant of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Since defendant failed to make the requisite "significant

showing" that the prosecutor's prior investigative or prosecutorial conduct would be a material issue at trial, the court properly denied his pretrial motion to recuse her from prosecuting the case at trial (*People v Paperno*, 54 NY2d 294, 296 [1981]). Since defendant further failed to show a substantial likelihood that prejudice resulted from the prosecutor's participation in the trial, reversal is unwarranted (*id.*). There is nothing unusual about a prosecutor supervising an investigation and then personally conducting an ensuing trial, and this situation does not create an inherent "unsworn witness" problem. Here, the prosecutor's activities only came up in the trial as incidental to those of the police. Although the prosecutor personally took defendant's videotaped statement, defendant had already confessed to detectives, and it was their conduct, rather than that of the prosecutor, that was the focus of defendant's attacks (*see People v Ortiz*, 54 NY2d 288 [1981]). Furthermore, the prosecutor never derived any unfair advantage from her dual role as investigating and trial counsel.

The court's missing witness instruction concerning defendant's failure to call his girlfriend did not suggest to the jury that defendant had any burden of proof, and it did not deprive defendant of a fair trial. Were we to find that the court erred in delivering such a charge, we would find the error to be harmless in view of the overwhelming evidence of guilt and the absence of any reasonable possibility that such error affected the verdict (*see People v Crimmins*, 36 NY2d 230 [1975]).

Portions of defendant's videotaped statement, which was played for the jury, were difficult to understand because of his speech impediment. The prosecution and defense prepared materially differing transcripts of the statement, and each side disputed the accuracy of the other's version. Under these circumstances, the court properly exercised its discretion in excluding both transcripts, while offering to permit both sides to play portions of the videotape during summations and argue their interpretations to the jury. To have submitted only the defense version would have prejudiced the People, and to have submitted two competing versions, after the tape had already been played, would have been confusing for the jury. Concur—Andrias, J.P., Nardelli, Williams, Sweeny and McGuire, JJ.