■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMSI UTHMAN, Also Known as RAUSSI UTHMAN, Appellant. [817 NYS2d 554]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered December 17, 2003. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree as a hate crime, burglary in the third degree as a hate crime, arson in the third degree as a hate crime, criminal mischief in the second degree as a hate crime, burglary in the second degree, burglary in the third degree, arson in the third degree, criminal mischief in the second degree, reckless endangerment in the first degree, aggravated harassment in the first degree and criminal interference in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, burglary in the second degree as a hate crime (Penal Law § 140.25 [1]; § 485.05) and arson in the third degree as a hate crime (§ 150.10 [1]; § 485.05) arising from a burglary and a fire at a synagogue, defendant contends that he was denied effective assistance of counsel because defense counsel previously represented defendant's accomplice with respect to unrelated crimes. The record establishes, however, that defendant was fully aware of defense counsel's representation of the accomplice and waived any potential conflict (*see People v Hall*, 46 NY2d 873, 874 [1979], *cert denied*

444 US 848 [1979]). Contrary to defendant's further contention, County Court did not abuse its discretion in allowing the prosecutor to impeach defendant with prior inconsistent statements inasmuch as those statements directly contradicted defendant's trial testimony (*see generally People v Rivera*, 256 AD2d 1098, 1099 [1998], *lv denied* 93 NY2d 977 [1999]; *People v Snell*, 234 AD2d 986 [1996], *lv denied* 89 NY2d 1015 [1997]). We reject the contention of defendant that the evidence is legally insufficient to convict him of hate crimes (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Viewing the evidence in the light most favorable to the People, we conclude that the testimony of the accomplice and defendant's girlfriend establishes that defendant intentionally committed the crimes at the synagogue "because of a belief or perception regarding . . . religion [or] religious practice" (§ 485.05 [1] [b]). Also contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Present—Kehoe, J.P., Gorski, Martoche, Pine and Hayes, JJ.