THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY KELLY, Appellant. [825 NYS2d 855]—

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered December 16, 2004. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree and assault in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the first degree (Penal Law § 140.30 [2]) and assault in the third degree (§ 120.00 [1]). We reject defendant's contention that the evidence is legally insufficient to support the conviction. With respect to the physical injury element of both crimes of which defendant was convicted, the evidence is legally sufficient to establish that the victim suffered the requisite "impairment of physical condition or substantial pain" (§ 10.00 [9]; *see People v Amin*, 294 AD2d 863 [2002], *lv denied* 98 NY2d 672 [2002]; *Matter of Isaac M.*, 219 AD2d 805 [1995]; *People v Beaton*, 152 AD2d 992 [1989], *lv denied* 74 NY2d 845 [1989]). Also contrary to defendant's

contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The jury was entitled to credit the testimony of the victim that she was attacked by defendant in her apartment and to reject the theory of the defense that defendant was attacked in the hallway of an apartment building by the victim and another man (*see generally People v Shaw*, 277 AD2d 1052 [2000], *lv denied* 96 NY2d 806 [2001]).

Contrary to defendant's further contention, the comments of the prosecutor during his opening and closing statements were "fair comment on the evidence and 'did not exceed the broad bounds of rhetorical comment permissible in [such statements]' " (*People v Williams*, 28 AD3d 1059, 1061 [2006], quoting *People v Galloway*, 54 NY2d 396, 399 [1981]). In any event, the prosecutor's alleged misconduct was not "so egregious as to deprive defendant of a fair trial" (*id.* at 1060; *see People v Melendez*, 11 AD3d 983, 984 [2004], *lv denied* 4 NY3d 888 [2005]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, A.P.J., Gorski, Smith and Centra, JJ.