THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY T. DAVIS, Appellant. [832 NYS2d 352]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered May 3, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, murder in the second degree (Penal Law § 125.25 [1]), in connection with the stabbing death of his former girlfriend. Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The evidence presented at trial established that there were bloodstains in the pockets and on the waistband of a pair of pants recovered from defendant's residence and that the DNA of the bloodstains matched that of both defendant and the victim. Furthermore, two witnesses testified that, while they were incarcerated with defendant, defendant admitted that he killed the victim and that he was concerned about bloodstains on a pair of pants. The jury was entitled to resolve the credibility issues with respect to those witnesses in favor of the People (*see People v Walek*, 28 AD3d 1246 [2006], *lv denied* 7 NY3d 764 [2006]).

We reject the further contention of defendant that the testimony of one of those witnesses deprived him of his right to counsel because the witness had acted as his "legal advisor" during their incarceration. County Court properly determined following the pretrial *Cardona* hearing that the witness was not acting as an agent of the government because he was working independently of the prosecution and the information was not sought by the prosecutor but, rather, was passively received by the prosecutor (*see People v Cardona*, 41 NY2d 333, 335 [1977]; *People v Smith*, 2 AD3d 1431, 1433 [2003], *lv denied* 2 NY3d 746, 806 [2004]).

We reject the contention of defendant that his right to counsel was violated because one of his attorneys also represented a prosecution witness. The record establishes that, upon learning of the conflict, the attorney promptly advised the court and was relieved of representing the prosecution witness several months before the commencement of the trial (*see generally People v Lombardo*, 61 NY2d 97, 102-103 [1984]). We note, however, that the court failed in its obligation to conduct a record inquiry to determine whether defendant was aware of the risks of the potential conflict and waived those risks (*see People v Harris*, 99 NY2d 202, 211 [2002]; *cf. People v Uthman*, 31 AD3d 1179 [2006], *lv denied* 7 NY3d 852 [2006]). Nevertheless, we conclude

under the circumstances of this case that defendant has failed to establish "the existence, or probable existence, of a conflict of interest [that] bears a substantial relation to the conduct of the defense" (*Harris*, 99 NY2d at 211 [internal quotation marks omitted]; *see People v McDonald*, 68 NY2d 1, 9 [1986]).

Defendant failed to preserve for our review his contention that he was deprived of a fair trial based on several instances of prosecutorial misconduct (*see* CPL 470.05 [2]) and, in any event, defendant's contention lacks merit. In reviewing the alleged instances of misconduct, we note that, contrary to defendant's contention, the prosecutor did not inject the issue of his own credibility into the trial (*see People v Rivera [Robert]*, 27 AD3d 491 [2006], *lv denied* 6 NY3d 852 [2006]). In addition, we note that, although the prosecutor improperly commented on facts not in evidence, the court sustained defendant's objection to those improper comments and any prejudicial effect therefore was dispelled (*see People v Rickard*, 26 AD3d 800, 800-801 [2006], *lv denied* 7 NY3d 762 [2006]); that statements made by the prosecutor during summation were fair comment on the evidence and " 'did not exceed the broad bounds of rhetorical comment permissible in closing argument' " (*People v Williams*, 28 AD3d 1059, 1061 [2006]; *see People v Kelly*, 34 AD3d 1341 [2006]); and that the prosecutor's contact with informants prior to trial did not create a situation in which the prosecutor's role would become "a material issue in the case" (*People v Paperno*, 54 NY2d 294, 302 [1981]; *see generally People v Garcia*, 27 AD3d 398, 398-399 [2006], *lv denied* 7 NY3d 789 [2006]).

Defendant further contends that the court abused its discretion in admitting in evidence a knife block that was missing one knife. The knife block allegedly was owned by the victim and was found among defendant's belongings at the location where defendant was staying with his brother. Defendant failed to preserve his contention for our review (*see* CPL 470.05 [2]) and, in any event, we conclude that the court did not abuse its discretion in admitting the knife block in evidence (*see generally People v Mateo*, 2 NY3d 383, 424-425 [2004], *cert denied* 542 US 946 [2004]; *People v Smith*, 12 AD3d 1106 [2004], *lv denied* 4 NY3d 767 [2005]). Finally, we reject the contention of defendant that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Lockett*, 34 AD3d 1208 [2006]). Present—Scudder, P.J., Martoche, Centra, Fahey and Pine, JJ.