■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHESTER W. BRADLEY, JR., Appellant. [850 NYS2d 781]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered February 3, 2006. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a weapon in the second degree (former § 265.03 [2]), defendant contends that a pretrial identification procedure was unduly suggestive based on the fact that a witness made a confirmatory identification of defendant using a single photograph. Defendant failed to preserve his contention for our review (see CPL 470.05 [2]; *People v Miller*, 43 AD3d 1381 [2007]) and, in any event, defendant's contention is without merit. The witness had known defendant for 10 years and had given his name to the police. Thus, "the witness [was] so familiar with the defendant that there [was] 'little or no risk' that police suggestion could lead to a misidentification" (*People v Rodriguez*, 79 NY2d 445, 450 [1992]). Contrary to the further contention of defendant, he was not prejudiced by the pretrial identification procedure used with respect to a second witness inasmuch as that witness did not testify at trial. Finally, we conclude that the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.