THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIUS MCCRAY, Appellant. [886 NYS2d 519]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered November 7, 2007. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (two counts) and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of robbery in the first degree (Penal Law § 160.15 [1], [2]) and one count of criminal possession of a weapon in the second degree (§ 265.03 [former (2)]). County Court properly exercised its discretion in precluding defendant from presenting expert testimony with respect to the reliability of eyewitness identifications. None of the eyewitnesses to the robbery identified defendant as the perpetrator at trial, and thus such expert testimony was not relevant to their testimony (see generally People v LeGrand, 8 NY3d 449, 452 [2007]). Further, even if the eyewitnesses had identified defendant as the perpetrator at trial, we conclude that there is corroborating evidence of his guilt independent of their descriptions of the perpetrator (see People v Chisolm, 57 AD3d 223, 223-224 [2008], lv denied 12 NY3d 782 [2009]).

Defendant failed to preserve for our review his contention that the court erred in combining the second and third steps of the Batson inquiry rather than separately reviewing their merits (see People v Coleman, 5 AD3d 1074, 1075 [2004], lv denied 3 NY3d 638 [2004]), and we decline to exercise our power to

review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his further contention that the evidence is legally insufficient to support the conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

The court properly determined that a witness who testified with respect to inculpatory statements made by defendant to him while they were incarcerated was not acting as an agent of the government when the statements were made (*see People v Cardona*, 41 NY2d 333, 335 [1977]; *People v Davis*, 38 AD3d 1170, 1171 [2007], *lv denied* 9 NY3d 842 [2007], *cert denied* 552 US —, 128 S Ct 713 [2007]). We reject defendant's further contention that the photo array shown to one of the eyewitnesses to the robbery was unduly suggestive (*see generally People v Chipp*, 75 NY2d 327, 335-336 [1990], *cert denied* 498 US 833 [1990]). We note in any event that the eyewitness in question did not identify defendant as the perpetrator at trial (*see generally People v Bradley*, 48 AD3d 1145 [2008], *lv denied* 10 NY3d 860 [2008]). Defendant failed to preserve for our review his contention that he was denied a fair trial based on prosecutorial misconduct during summation (*see People v Douglas*, 60 AD3d 1377 [2009]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contention, neither defense counsel's failure to object to the alleged instances of prosecutorial misconduct nor any of defense counsel's other alleged shortcomings constituted ineffective assistance of counsel (*see People v Walker*, 50 AD3d 1452, 1453 [2008], *lv denied* 11 NY3d 795 [2008], *reconsideration denied* 11 NY3d 931 [2008]). Rather, viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.