# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1151**

**KA 10-01053**

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

HECTOR GONZALEZ, ALSO KNOWN AS "INDIO,"
DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF
COUNSEL), FOR DEFENDANT-APPELLANT.

HECTOR GONZALEZ, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L.
D'Amico, J.), rendered April 29, 2010.  The judgment convicted
defendant, upon a nonjury verdict, of murder in the second degree and
criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him
following a bench trial of murder in the second degree (Penal Law §
125.25 [1]) and criminal possession of a weapon in the second degree
(§ 265.03 [3]).  County Court properly refused to suppress the
testimony of a witness who identified defendant on the ground that the
photo array presented to her was unduly suggestive.  "Because 'the
subjects depicted in the photo array [were] sufficiently similar in
appearance so that the viewer's attention [was] not drawn to any one
photograph in such a way as to indicate that the police were urging a
particular selection,' the photo array was not unduly suggestive"
(*People v Weston*, 83 AD3d 1511, 1511, *lv denied* 17 NY3d 823).  The
court also properly determined that a witness who testified concerning
inculpatory statements made to him by defendant while they were both
incarcerated was not acting as an agent of the police when defendant
made the statements (*see People v McCray*, 66 AD3d 1338, 1339, *lv
denied* 13 NY3d 908, 14 NY3d 803; *see generally People v Cardona*, 41
NY2d 333, 335).  The evidence, viewed in the light most favorable to
the People (*see People v Contes*, 60 NY2d 620, 621), is legally
sufficient to support the conviction and, viewing the evidence in
light of the elements of the crimes in this bench trial (*see People v
Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not

against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  We reject defendant's further contention that the People failed to disclose *Brady* material in a timely manner.  Even assuming, arguendo, that the witness statement at issue was exculpatory, we conclude that the alleged *Brady* violation does not require reversal because defendant received the statement " 'as part of the *Rosario* material provided to him and was given a meaningful opportunity to use the exculpatory evidence' " (*People v Green*, 74 AD3d 1899, 1901, *lv denied* 15 NY3d 852).  Defendant waived his contention that he was denied his right to present a defense based upon alleged attempts by the police to intimidate a defense witness, inasmuch as the court granted the only relief sought by defendant in connection therewith and defendant did not further object (*see Delong v County of Chautauqua* [appeal No. 2], 71 AD3d 1580, 1580-1581; *see generally People v Kulakov*, 72 AD3d 1271, 1273-1274, *lv denied* 15 NY3d 775, *lv dismissed* 16 NY3d 896; *People v Miller*, 37 AD3d 1071).  The sentence is not unduly harsh or severe.  Finally, we have examined defendant's contentions in his pro se supplemental brief and conclude that none requires reversal or modification of the judgment.

Entered:  November 10, 2011                         Patricia L. Morgan
                                                    Clerk of the Court