# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1111
KA 09-00151
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND LINDLEY, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CALVIN L. MCKOY, DEFENDANT-APPELLANT.

---

MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (SHAWN P. HENNESSY OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered December 17, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of murder in the second degree (Penal Law § 125.25 [2]) for killing two individuals who were mere bystanders during a gang-related shooting spree in the City of Buffalo. We reject defendant's contention that the testimony of the accomplice who drove the getaway vehicle and detailed defendant's involvement in the crime was not adequately corroborated, as required by CPL 60.22 (1). Indeed, the testimony of the accomplice was amply corroborated by evidence that, inter alia, defendant was seen cleaning the gun used in the shooting shortly after it occurred, the same gun was recovered the day after the shooting from a shed in the back yard of a home owned by defendant's grandparents, and defendant made admissions to three jailhouse informants implicating himself in the shootings. In addition, although the accomplice's testimony with respect to the manner in which the shooting occurred did not directly link defendant to the shooting, the testimony nevertheless was consistent with the testimony of disinterested witnesses such that the jury could be reasonably satisfied that the accomplice was telling the truth (*see People v Reome*, 15 NY3d 188, 191-192). Moreover, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Finally, we conclude that

Supreme Court's ruling pursuant to *People v Cardona* (41 NY2d 333, 335) was proper, pursuant to which the court allowed the jailhouse informants to testify concerning defendant's inculpatory statements. There was no evidence that the informants were acting as agents of the government when defendant made the statements (*see People v McCray*, 66 AD3d 1338, 1339, *lv denied* 13 NY3d 908, 14 NY3d 803; *People v Davis*, 38 AD3d 1170, 1171, *lv denied* 9 NY3d 842, *cert denied* 552 US 1065).

Entered:  December 23, 2011                   Frances E. Cafarell
                                              Clerk of the Court