■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUSSELL WOODWARD, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 14, 1969, convicting him of attempted possession of narcotics as a felony (former Penal Law, § 1751, subd. 3), upon a plea of guilty, and imposing sentence. Before changing his plea to guilty from the plea of not guilty entered at the arraignment, defendant moved to suppress evidence. The motion was denied and, upon reargument, the original determination was adhered to. Upon a prior interim decision on this appeal this court remanded the case to Criminal Term for the purpose of making findings of fact and the appeal was ordered to be held in abeyance in the interim (*People* v. *Woodward*, 38 A D 2d 735). Thereafter a hearing was held on March 3, 1972 at the Criminal Term which resulted in (1) a finding that the police officer who performed the "stop and frisk" disclosing the

contraband had no constitutionally adequate reasonable grounds justifying the frisk and (2) a decision that the motion to suppress is granted. Judgment reversed, on the law, with leave to defendant to move at Criminal Term to withdraw his plea of guilty and to move for other relief if he be so advised. Considering the findings of fact made by Criminal Term, it is apparent that there were no "constitutionally adequate, reasonable grounds" for the frisk conducted in this case (*Sibron* v. *New York*, 392 U. S. 40, 64). Since this is so, it was error to deny defendant's motion to suppress evidence. Criminal Term's attempt to change its decision on defendant's motion following the March 3, 1972 hearing is of no force and effect, as that court has no power to sit in review of its own prior decision. The remand by this court was merely for the purpose of making findings in support of Criminal Term's previous determination on the motion to suppress. Martuscello, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.