■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN FINGER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered July 20, 1989, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered, to be preceded by a hearing to determine whether the testimony of the witness Coleman should be suppressed as the fruit of the poisonous tree.

On September 7, 1988, the police received a tip that a suspicious vehicle containing two occupants, which vehicle was identified by make and license plate number, had been cruising Willowbrook Road in Staten Island. The police proceeded to Willowbrook Road in an unmarked car, where they observed the described vehicle parked near the defendant's grandfather's house. Inside was one occupant, who later

proved to be Melvin Coleman. The police observed the vehicle for some time. An individual, later identified as the defendant, emerged from the vicinity of the defendant's grandfather's house, spoke with Coleman through the car window, and then got into the vehicle, which drove off. The police followed the vehicle for several blocks, stopped it, and, when the door was opened, observed certain items inside, including some jewelry and checks with a preprinted name. The police took Coleman and the defendant to Willowbrook Road, ultimately tracing the preprinted name on the checks to the defendant's grandfather. It was then discovered that the home of the defendant's grandfather had been burglarized and was in disarray and that the items in the vehicle in which the defendant was riding had been taken from inside the defendant's grandfather's home.

The defendant was thereafter indicted for burglary in the second degree and criminal possession of stolen property in the fifth degree. The Supreme Court granted that branch of the defendant's omnibus motion which was to suppress physical evidence on the ground that there was no probable cause for the arrest, and the criminal possession of stolen property count of the indictment was dismissed. Immediately prior to trial on the burglary count, the Supreme Court ruled that a prior conviction of the defendant in 1987 for attempted burglary in the third degree arising from his burglarizing his grandfather's premises and removing over $50,000, was admissible under both the *Sandoval* and *Molineux* doctrines (see, *People v Sandoval,* 34 NY2d 371; *People v Molineux,* 168 NY 264).

At the trial, over the defense counsel's objection on the ground that Coleman's identity was a product of the illegal arrest, Coleman was permitted to testify as to the circumstances surrounding his car trip with the defendant to and from Willowbrook Road. The court reasoned that only physical evidence, not "bodies", could be the subject of a suppression application. Thereafter, as part of his direct case, the prosecutor was permitted to elicit facts underlying the defendant's 1987 conviction as well as the fact that the defendant was sentenced to a term of probation for the 1987 conviction, and thereafter violated probation.

It was reversible error, as the People concede, to permit the introduction into evidence of the defendant's prior conviction for attempted burglary of his grandfather's premises as part of the People's case-in-chief. The ruling can be justified by no exception to the general rule prohibiting introduction of proof

of the commission of another crime to establish the likelihood that the defendant committed the crime for which he was then being tried *(see, People v Molineux, supra; see also, People v Robinson,* 68 NY2d 541). Moreover, admission into evidence of the sentence imposed on that prior conviction, and the defendant's violation of the terms of his probation, served no proper evidentiary purpose.

We further note that although the extent to which the prosecution should be allowed to impeach a defendant's credibility by use of a relevant prior conviction is generally a matter of the trial court's discretion *(see, People v Sandoval, supra),* the use of the facts surrounding the defendant's prior attempted burglary conviction for impeachment purposes only would nevertheless be so prejudicial as to constitute an improvident exercise of that discretion. Rather, the *Sandoval* "compromise" of allowing only the fact of the conviction to be elicited before the jury was the appropriate remedy for minimizing the unnecessarily prejudicial impact of the defendant's criminal record *(see, People v Padilla,* 123 AD2d 364; *People v Jackson,* 108 AD2d 757).

We further agree with the defendant, and the People concede, that evidence tainted by an illegal search and seizure is inadmissible at trial, regardless of its form *(see, United States v Ceccolini,* 435 US 268; *Wong Sun v United States,* 371 US 471). It was therefore improper for the Supreme Court to summarily overrule the defendant's objection to Coleman's testimony as a fruit of the poisonous tree *(see, United States v Ceccolini,* 435 US 268, *supra; Wong Sun v United States,* 371 US 471, *supra).* The Supreme Court's ruling, however, effectively deprived the People, who do not assert that the defendant's challenge was not properly raised for the first time at the trial *(cf., People v Smith,* 145 AD2d 517), of the opportunity of demonstrating *(see, People v Conyers,* 68 NY2d 982) that the testimonial evidence proffered by Coleman was sufficiently attenuated from illegal police conduct so as to in any event be admissible *(see, People v Mendez,* 28 NY2d 94, *cert denied* 404 US 911; *see also, People v Crandell,* 69 NY2d 459, 462; *People v Havelka,* 45 NY2d 636). Thus, the retrial must be preceded by a supplemental suppression hearing on the issue of attenuation *(see, People v McGrath,* 46 NY2d 12, *cert denied* 440 US 972). If, after the hearing, Coleman's testimony is found to be attenuated, he may be permitted to testify as to his knowledge, if any, of the suppressed items of physical evidence *(see, People v Young,* 55 NY2d 419, 424-425, *cert*

*denied* 459 US 848; *see also, People v Mendez, supra).* Bracken, J. P., Harwood, Miller and Ritter, JJ., concur.