■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TONY E. REYNOLDS, Respondent. [608 NYS2d 86] —Appeal by the People from (1) an order of the County Court, Dutchess County (Pagones, J.), entered April 14, 1993, which, inter alia, granted the branch of the defendant's omnibus motion which was to suppress physical evidence, and (2) an order of the same court, entered April 15, 1993, which, inter alia, granted the branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement authorities.

Ordered that the orders are affirmed.

We agree with the County Court's determination that the seizure and search of the defendant's bag was predicated upon

less than reasonable suspicion that the defendant was involved in criminal activity *(see, People v Diaz,* 81 NY2d 106; *People v Hollman,* 79 NY2d 181; *People v De Bour,* 40 NY2d 210). Therefore, suppression of the physical evidence recovered from inside the bag was appropriate. Furthermore, inasmuch as the People failed to establish any attenuation of the taint of the illegal arrest and the defendant's subsequent statements *(see, People v Conyers,* 68 NY2d 982, 983), the defendant's statements were also properly suppressed *(see, People v Harris,* 77 NY2d 434; *People v Johnson,* 66 NY2d 398, 407-408; *People v Woods,* 189 AD2d 838, 843). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.