■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN FINGER, Appellant. [617 NYS2d 358] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered November 2, 1992, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence. This appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress the testimony of a witness.

Ordered that the judgment is reversed, on the law, the defendant's plea is vacated, his motion to suppress the testimony of the witness is granted, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings on the indictment.

On a prior appeal, this Court reversed the defendant's conviction because of an erroneous Molineux ruling (see, People v Molineux, 168 NY 264) by the Supreme Court. We also held that the court erred in summarily denying the defendant's motion, made at trial, to suppress the testimony of the driver of the automobile in which the defendant was a passenger when arrested (see, People v Finger, 166 AD2d 714). At a pretrial suppression hearing, the court had granted that branch of the defendant's omnibus motion which was to suppress physical evidence, finding that there was no probable cause to arrest the defendant and seize the property which was in the automobile. At trial, the defendant objected to the testimony of the driver as the fruit of the poisonous tree. The court overruled the objection, concluding that only physical evidence and not witnesses could be the subject of a suppression motion. Because the court's erroneous ruling deprived the

People of the opportunity to demonstrate that the proffered testimony was sufficiently attenuated from illegal police conduct to be admissible, this Court directed that the retrial be preceded by a supplemental suppression hearing on the issue of attenuation *(see, People v Finger, supra,* at 716). After conducting the supplemental hearing, the court denied the defendant's motion, finding that the initial stop of the automobile by the police was lawful and that the driver voluntarily responded to the police inquiry. Consequently, the proffered testimony was sufficiently attenuated from any police misconduct. The defendant subsequently pleaded guilty and this appeal ensued.

Contrary to the People's contention, the defendant did not forfeit his right to appellate review of the denial of his suppression motion by pleading guilty. The defendant's claim, based on an alleged Fourth Amendment violation, was preserved for appellate review by statute *(see,* CPL 710.70 [2]; *People v Taylor,* 65 NY2d 1, 6-7).

Based on the record in this case, it is clear that the Supreme Court necessarily found the stop of the automobile to be unlawful in its initial determination suppressing the physical evidence. Consequently, the supplemental hearing should have been limited to the issue of whether the driver's testimony was sufficiently attenuated from the illegal police conduct to dissipate the taint. The court erred in effectively reconsidering its prior finding and reaching an issue which went beyond the scope of the hearing *(see, People v Woodward,* 39 AD2d 544).

At the hearing, the People did not meet their burden of proving that the driver's testimony was sufficiently attenuated from the illegality to be admissible at trial. The unlawful stop and the initial contact with the witness occurred simultaneously. The People presented no evidence as to the manner in which his testimony was subsequently secured. Therefore, they failed to demonstrate that the testimony was the product of the driver's free will or that intervening events were sufficient to interrupt the "length of the road" between the contact with the driver and his testimony *(see, United States v Ceccolini,* 435 US 268; *People v McGrath,* 46 NY2d 12, *cert denied* 440 US 972). Where, as here, evidence obtained by unlawful police conduct is suppressed in a criminal prosecution directly related to the evidence, "the deterrent impact of the exclusionary rule is presumably most effective" *(People v McGrath, supra,* at 31). Consequently, the testimony should

have been suppressed. Miller, J. P., Joy, Altman and Goldstein, JJ., concur.