■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM F. POWERS, Appellant. (Appeal No. 1.) [732 NYS2d 779] —Judgment affirmed. Memorandum: We reject the contention of defendant that County Court erred in denying his motion to suppress his statements to the police as the fruit of an illegal search of his apartment. Defendant's apartment was searched pursuant to a search warrant later determined to be invalid. Assuming that there is a causal connection between the challenged statements and the illegal search (*see, People v Arnau,* 58 NY2d 27, 32), we conclude that the causal connection is "so attenuated as to dissipate the taint" (*Nardone v United States,* 308 US 338, 341; *see, Wong Sun v United States,* 371 US 471, 487). Defendant was not questioned until he had been transported to the police station and had waived his *Miranda* rights, and he initially gave the police an exculpatory statement. While awaiting booking three hours after the illegal search, defendant made an oral admission that he later set forth in writing for the police. Defendant does not contend that the police lacked probable cause to arrest him, nor does he contend that he was illegally arrested in his home without an arrest

warrant. Under the circumstances of this case, we conclude that defendant's statements were not obtained by exploitation of the illegal search (see, Brown v Illinois, 422 US 590, 603). In so concluding, we have considered the length of time between the illegality and the statements, "the presence of intervening circumstances * * * and, particularly, the purpose and flagrancy of the official misconduct" (Brown v Illinois, supra, at 603-604; see, People v Johnson, 66 NY2d 398, 407). We further reject the contention of defendant that the sentence is unduly harsh or severe.

All concur except Green, J. P., who dissents and votes to reverse in the following Memorandum.

Green, J. P., (dissenting). I respectfully dissent. County Court granted the motion of defendant to suppress physical evidence on the ground that his apartment was illegally searched pursuant to a warrant that was not supported by probable cause. The court erred in denying his motion to suppress his statements to the police as the "fruit of the poisonous tree" (Nardone v United States, 308 US 338, 341; see, Wong Sun v United States, 371 US 471, 487-488). In my view, the statements of defendant flowed directly from his detention and arrest based upon the illegal search, and the People failed to establish any attenuation of the taint of the illegality upon those statements (see, People v Finger, 208 AD2d 645, 646-647; People v Reynolds, 199 AD2d 430, 431; see also, People v Vaughn, 275 AD2d 484, 488, lv denied 96 NY2d 788). In appeal No. 1, I would therefore reverse the judgment, vacate the guilty plea, grant the motion of defendant to suppress his statements to the police and remit the matter to Ontario County Court for further proceedings on the indictment. In appeal No. 2, I would reverse the judgment, vacate the guilty plea and remit the matter to Ontario County Court for further proceedings on the indictment (see, People v Fuggazzatto, 62 NY2d 862, 863). (Appeal from Judgment of Ontario County Court, Harvey, J.—Sodomy, 1st Degree.) Present—Green, J. P., Hayes, Wisner, Scudder and Kehoe, JJ.