THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA LOCKETT, Also Known as JAMES L. WOODSON, Appellant. [823 NYS2d 804]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered July 3, 2003. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the period of postrelease supervision imposed for criminal possession of a weapon in the third degree and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) arising out of the shooting of the victim of an attempted robbery. Defendant contends that he was denied effective assistance of counsel based on defense counsel's failure to file a timely notice of alibi naming his aunt as an alibi witness. The record establishes that, on the morning of jury selection, defense counsel submitted the name of defendant's aunt as an alibi witness, and Supreme Court rejected the "filing of the request for an alibi witness" on the ground that a "reasonable explanation" was not provided for the failure to file a timely notice of alibi. The record does not disclose when defense counsel learned of the proposed alibi witness, and thus defendant has failed to establish "the absence of . . . [a] legitimate explanation[ ] for [defense] counsel's failure" to file a timely notice of alibi (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Wright*, 1 AD3d 707, 708 [2003], *lv denied* 1 NY3d 636 [2004]).

Defendant further contends that he was denied effective assistance of counsel based on defense counsel's failure to object to the testimony of a police witness concerning the victim's identification of defendant inasmuch as that testimony constituted improper bolstering. We agree with defendant that defense counsel should have objected to the testimony of the police witness, but we cannot agree that defendant was thereby denied effective assistance of counsel. Here, the victim identified defendant in a photo array and in two lineups, as well as at trial. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). As the People correctly concede, however, the court erred in imposing a five-year period of postrelease supervision on defendant's conviction of criminal possession of a weapon in the third degree (*see* Penal Law § 70.45 [1]). We therefore modify the judgment by vacating that period of postrelease supervision (*see People v Watts*, 309 AD2d 628 [2003], *lv denied* 1 NY3d 582 [2003]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.