■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIKEL D. HACKETT, Appellant. [853 NYS2d 766]—

Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of robbery in the first degree (Penal Law § 160.15 [2], [4]) and one count of criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that County Court erred in refusing to suppress his statement to the police on the ground that it was the product of an illegal search. We reject that contention. The People presented evidence at the suppression hearing establishing that defendant's mother gave the police her permission to enter the premises where she resided, in order to search for defendant (*see People v Santiago*, 41 AD3d 1172, 1173-1174 [2007], *lv denied* 9 NY3d 964 [2007]), and the court was entitled to resolve credibility issues in favor of the People (*see generally People v Prochilo*, 41 NY2d 759, 761 [1977]). Contrary to the further contention of defendant, the record supports the court's determination that he voluntarily waived his *Miranda* rights when he signed a waiver form in the presence of two police officers (*see People v Youngblood*, 294 AD2d 954, 955 [2002], *lv denied* 98 NY2d 704 [2002]). Finally, we reject defendant's contention that the verdict is against the weight of the evidence, both with respect to the credibility of the People's witnesses and the elements of the crimes (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). At trial, the victim and two other eyewitnesses identified defendant as the victim's assailant, and defendant's statement to the police included details that would not have been known by an individual who was not involved in the robbery. Present—Hurlbutt, J.P., Lunn, Fahey, Peradotto and Pine, JJ.