THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WOODROW HOLMES, Appellant. [879 NYS2d 882]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered June 30, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed, and the matter is remitted to Supreme Court, Onondaga County, for proceedings pursuant to CPL 460.50 (5).

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that Supreme Court erred in refusing to suppress the tangible evidence seized from his person and statements that he made to police detectives after they stopped the vehicle in which he was a passenger. We reject that contention. The record of the suppression hearing supports the court's determination that the detectives stopped defendant's vehicle based on

their observation of a traffic violation and that they questioned defendant after finding drugs in the vehicle. Contrary to defendant's contention, "the fact that [the detectives] also had other underlying reasons or motives [for stopping the vehicle] is immaterial" (*People v Douglas*, 42 AD3d 756, 757 [2007], *lv denied* 9 NY3d 922 [2007]; *see People v Garcia*, 30 AD3d 833, 834 [2006]; *see generally People v Robinson*, 97 NY2d 341, 348-350 [2001]). Furthermore, the testimony of defendant at the suppression hearing that the detectives who stopped the vehicle did not observe a traffic violation merely presents an issue of credibility that the court was entitled to resolve in favor of the People (*see People v Hackett*, 49 AD3d 1285 [2008], *lv denied* 10 NY3d 864 [2008]; *People v Johnson*, 286 AD2d 929 [2001], *lv denied* 97 NY2d 756 [2002]).

Even assuming, arguendo, that defendant was illegally detained after the vehicle was stopped, we reject his contention that the court erred in refusing to suppress the evidence in question as the fruit of that detention. In reviewing defendant's contention, "the dispositive inquiry is whether the challenged evidence is come at by the *exploitation* of that illegality so as to make it the *product* of that illegality" (*People v Richardson*, 9 AD3d 783, 789 [2004], *lv denied* 3 NY3d 680 [2004]). "Under the circumstances of this case, we conclude that defendant's statements [and the tangible evidence seized from defendant's person] were not obtained by exploitation" of the allegedly illegal detention (*People v Powers*, 288 AD2d 861, 862 [2001], *lv denied* 97 NY2d 732 [2002]). Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.