# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

775

KA 12-00098

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                        V                           MEMORANDUM AND ORDER

FLEMING W. ASHFORD, III, DEFENDANT-APPELLANT.

---

SHIRLEY A. GORMAN, BROCKPORT, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered October 25, 2011. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking to suppress evidence obtained from defendant's person is granted, and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictments.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [2]). Shortly after midnight, the police responded to a report of an armed robbery of a taxi cab driver. Less than 10 minutes later, the police found defendant, who matched the general description of the suspect given by the victim, running in proximity to the crime scene. Defendant ran away from the police, who pursued and detained him. An officer searched defendant and seized money, a phone, and a "do-rag" from the pockets of his jeans. A showup identification procedure was conducted, and the victim positively identified defendant as the perpetrator. Defendant was brought to the police station, where he gave statements after waiving his *Miranda* rights. In a courtyard near where defendant was apprehended, the police found and seized an item of clothing, a gun, and keys belonging to the victim.

Defendant contends that he was unlawfully arrested prior to the showup identification procedure and that all of the physical evidence, as well as the identification testimony and his statements, must be suppressed as fruit of the poisonous tree. We agree with defendant that the items seized from his person should have been suppressed because the police did not have probable cause at that time to arrest

him and conduct a search incident to an arrest.  We conclude that the police had reasonable suspicion to pursue defendant and detain him for the purpose of the showup identification (*see People v Martinez*, 39 AD3d 1159, 1160, *lv denied* 9 NY3d 867; *People v Gatling*, 38 AD3d 239, 239-240, *lv denied* 9 NY3d 865; *see generally People v Hicks*, 68 NY2d 234, 239).  But although the police were permitted at that time to conduct a pat frisk of defendant (*see Hicks*, 68 NY2d at 238; *People v Issac*, 107 AD3d 1055, 1057), they were not permitted to search him.

We reject defendant's contention, however, insofar as he asserts that the remaining evidence must be suppressed as fruit of the poisonous tree.  It is well settled that "only evidence which is the 'fruit of the poisonous tree' should be excluded" (*People v Arnau*, 58 NY2d 27, 32).  In other words, "only evidence which has been come at by exploitation of that illegality should be suppressed" (*id.* [internal quotation marks omitted]).  Here, defendant did not meet his burden of establishing that the showup identification of him, his statements to the police, and the items seized in the courtyard, were causally related to his unlawful arrest prior to the showup identification procedure (*see People v Cooley*, 48 AD3d 1091, 1091, *lv denied* 10 NY3d 861; *see generally Arnau*, 58 NY2d at 32), i.e., that such evidence was " 'obtained by exploitation' " of the illegal arrest (*People v Holmes*, 63 AD3d 1649, 1650, *lv denied* 12 NY3d 926; *see generally People v Rogers*, 52 NY2d 527, 535, *rearg denied* 54 NY2d 753, *cert denied* 454 US 898, *reh denied* 459 US 898).

We therefore grant defendant's omnibus motion in part by suppressing the items seized from his person.  " '[I]nasmuch as the erroneous suppression ruling may have affected defendant's decision to plead guilty,' " the plea must be vacated (*People v Glanton*, 72 AD3d 1536, 1538).

Entered:  September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court