People v Layou (2018 NY Slip Op 01766)





People v Layou


2018 NY Slip Op 01766


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


267 KA 16-00625

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL LAYOU, DEFENDANT-APPELLANT. 






MICHAEL LAYOU, DEFENDANT-APPELLANT PRO SE. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered April 5, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals, pro se, from a judgment convicting him following a plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree
(§ 220.09 [1]). Although defendant contends that the felony complaint was jurisdictionally defective, "[t]he felony complaint was superseded by the indictment to which defendant pleaded guilty, and he therefore may not challenge the felony complaint" on this appeal (People v Anderson, 90 AD3d 1475, 1477 [4th Dept 2011], lv denied 18 NY3d 991 [2012]; see People v Mitchell, 132 AD3d 1413, 1416 [4th Dept 2015], lv denied 27 NY3d 1072 [2016]).
Defendant further contends that County Court erred in refusing to suppress physical evidence seized from the vehicle in which defendant was a passenger because the stop of the vehicle, his subsequent detention and the search of the vehicle were all unlawful. We reject defendant's contention. "It is well established that police stops of automobiles in this State are legal only pursuant to routine, nonpretextual traffic checks to enforce traffic regulations[,] when there exists at least a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime . . . or where the police have probable cause to believe that the driver . . . has committed a traffic violation" (People v Robinson, 122 AD3d 1282, 1283 [4th Dept 2014] [internal quotation marks omitted]; see generally People v Robinson, 97 NY2d 341, 349 [2001]; People v Spencer, 84 NY2d 749, 753 [1995], cert denied 516 US 905 [1995]).
Here, we conclude that the stop of the vehicle was lawful inasmuch as the police had reasonable suspicion to stop the vehicle based on the contents of the 911 call from an identified citizen informant. The information provided by the informant " was reliable under the totality of the circumstances, satisfied the two-pronged Aguilar-Spinelli test for the reliability of hearsay tips in this particular context and contained sufficient information about' [the driver's] commission of the crime of driving while [ability impaired by drugs]" (People v Wisniewski, 147 AD3d 1388, 1388 [4th Dept 2017], lv denied 29 NY3d 1038 [2017], quoting People v Argyris, 24 NY3d 1138, 1140-1141 [2014], rearg denied 24 NY3d 1211 [2015], cert denied — US &mdash, 136 S Ct 793 [2016]; see People v Van Every, 1 AD3d 977, 978 [4th Dept 2003], lv denied 1 NY3d 602 [2004]).
Even assuming, arguendo, that defendant was illegally pursued and detained after he fled from the stopped vehicle (see People v Robbins, 83 NY2d 928, 930 [1994]; People v Hightower, [*2]136 AD3d 1396, 1397 [4th Dept 2016]; People v Perez, 149 AD2d 344, 345 [1st Dept 1989]), we conclude that defendant's "entirely unprovoked flight, leaving the vehicle and his companion[] . . . , constituted an abandonment of the . . . narcotics found in the . . . car and undermined any claim to a reasonable expectation of privacy he might otherwise have had" (People v Gonzalez, 25 AD3d 620, 621 [2d Dept 2006], lv denied 6 NY3d 833 [2006]). In any event, the narcotics found in the vehicle " were not obtained by exploitation' of the allegedly illegal detention" (People v Holmes, 63 AD3d 1649, 1650 [4th Dept 2009], lv denied 12 NY3d 926 [2009]). Rather, the evidence was seized after the owner gave her consent to search the vehicle and was thus "derived from a source independent of the detention and was attenuated from any illegal activity" (People v Laws, 208 AD2d 317, 322 [1st Dept 1995]; see People v Jackson, 143 AD2d 471, 472 [3d Dept 1988]; see generally Wong Sun v United States, 371 US 471, 487 [1963]).
Finally, viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court