People v Harvey (2019 NY Slip Op 02250)





People v Harvey


2019 NY Slip Op 02250


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1402 KA 15-00002

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RASHOD HARVEY, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.) rendered September 18, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and tampering with physical evidence. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the period of postrelease supervision imposed for tampering with physical evidence and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and tampering with physical evidence (§ 215.40 [2]). The charges arose from the recovery of a handgun in a house that defendant had exited just prior to being apprehended by the police. We reject defendant's contention that the evidence is legally insufficient to support his conviction (see generally People v Danielson, 9 NY3d 342, 349 [2007]). Additionally, viewing the evidence in light of the elements of the crimes as charged to the jury (see id.), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant further contends that defense counsel was ineffective for failing to move to suppress the handgun on the ground that police officers unlawfully seized him without the requisite reasonable suspicion of criminal behavior (see generally People v Moore, 6 NY3d 496, 500-501 [2006]; People v De Bour, 40 NY2d 210, 215 [1976]; People v Burnett, 126 AD3d 1491, 1492 [4th Dept 2015]). We reject that contention. It is well settled that "a showing that [defense] counsel failed to make a particular pretrial motion generally does not, by itself, establish ineffective assistance of counsel" (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Parker, 148 AD3d 1583, 1584 [4th Dept 2017], lv denied 29 NY3d 1084 [2017]). "To prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's failure to request a particular hearing. Absent such a showing, it will be presumed that counsel acted in a competent manner and exercised professional judgment in not pursuing a hearing" (Rivera, 71 NY2d at 709). Furthermore, "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to make a motion or argument that has little or no chance of
success' " (People v Caban, 5 NY3d 143, 152 [2005], quoting People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]).
Here, the trial testimony established that police officers responded to a report of trespassing at a vacant house and, upon arrival, observed defendant run or walk briskly away from that house holding his waistband in a manner that, based on the officers' knowledge and experience, suggested that defendant might be concealing a gun. Despite the officers' request for defendant to stop, defendant entered a neighboring house before emerging 10 to 15 seconds later, [*2]at which point he was apprehended by the officers and placed in the back of a patrol car. The officers then rang the doorbell at the neighboring house, received permission to enter, and observed the handgun in plain view on the floor of the foyer.
Initially, defendant does not dispute that he lacked standing to challenge the officers' entry into the neighboring house inasmuch as he did not live at that house and was at most a casual visitor there (see People v Ortiz, 83 NY2d 840, 842-843 [1994]; People v Smith, 155 AD3d 1674, 1675 [4th Dept 2017], lv denied 30 NY3d 1120 [2018]). Further, defendant's conclusory assertion that the discovery of the handgun was not attenuated from the officers' alleged illegal action in seizing him is unsupported by the record. It is well settled that "only evidence which has been come at by exploitation of [law enforcement] illegality should be suppressed" (People v Arnau, 58 NY2d 27, 32 [1982], cert denied 468 US 1217 [1984] [internal quotation marks omitted]; see People v Ashford, 142 AD3d 1371, 1372 [4th Dept 2016]; People v Holmes, 63 AD3d 1649, 1650 [4th Dept 2009], lv denied 12 NY3d 926 [2009]). Even assuming, arguendo, that the officers' actions in seizing defendant were illegal, we conclude that the observations that led the officers to seek permission to enter the neighboring house were made prior to the seizure of defendant. Thus, inasmuch as defendant would not have been able to establish that the alleged illegal conduct was causally related to the discovery of the handgun (see Ashford, 142 AD3d at 1372), a motion seeking to suppress the handgun would have had little or no chance of success.
Contrary to defendant's additional contention, the sentence is not unduly harsh or severe, and we decline defendant's request to exercise our power to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]). According to the sentencing minutes, however, Supreme Court imposed a period of postrelease supervision in connection with defendant's conviction of tampering with physical evidence. That was error inasmuch as a period of postrelease supervision is not authorized in connection with an indeterminate sentence (see Penal Law § 70.45 [1]; People v Lockett, 34 AD3d 1208, 1209 [4th Dept 2006], lv denied 8 NY3d 882 [2007], reconsideration denied 9 NY3d 847 [2007]). Although the issue is not raised by either party, we cannot allow an illegal sentence to stand (see People v Considine, 167 AD3d 1554, 1555 [4th Dept 2018]). We therefore modify the judgment by vacating that period of postrelease supervision (see Lockett, 34 AD3d at 1209).
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court