People v McGee (2019 NY Slip Op 05911)





People v Mcgee


2019 NY Slip Op 05911


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND TROUTMAN, JJ.


551 KA 11-02002

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RICO D. MCGEE, DEFENDANT-APPELLANT. 






BETH A. RATCHFORD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered July 14, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the seventh degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), defendant contends that County Court erred in refusing to suppress cocaine seized by police officers after a search of the vehicle in which he was a passenger. We affirm.
As an initial matter, we note that defendant's notice of appeal contains an inaccurate description of the judgment appealed from. Defendant's notice of appeal recites the correct indictment number and states the correct date on which the judgment was rendered, however, and thus we treat the notice of appeal as valid, in the exercise of our discretion in the interest of justice (see CPL 460.10 [6]; People v Daniqua S.D., 92 AD3d 1226, 1227 [4th Dept 2012]).
With respect to the merits, defendant does not challenge the lawfulness of the initial stop of the vehicle but contends instead that the court erred in determining that the officers had probable cause to search the vehicle. We reject that contention. At the suppression hearing, one of the two officers who completed the traffic stop testified that he detected the odor of marihuana emanating from the vehicle upon his approach. The officers then had the driver and two passengers, including defendant, exit the vehicle. The officers searched defendant's person and thereafter handcuffed defendant and placed him in the rear of their patrol car. A search of the vehicle revealed a portion of a marihuana cigarette in an ashtray in the front seat and a tied-off plastic bag containing 16 individually packaged bags of cocaine in the rear, near where defendant had been seated. "[I]t is well established that the odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, is sufficient to constitute probable cause to search a vehicle and its occupants" (People v Cuffie, 109 AD3d 1200, 1201 [4th Dept 2013], lv denied 22 NY3d 1087 [2014] [internal quotation marks omitted]). Here, we conclude that the testimony at the suppression hearing established that the officers had probable cause to search the vehicle and its occupants, and there is no basis in the record to disturb the court's decision to credit that testimony in denying defendant's motion to suppress (see People v Jemison, 158 AD3d 1310, 1311 [4th Dept 2018], lv denied 31 NY3d 1083 [2018]; People v Grimes, 133 AD3d 1201, 1202-1203 [4th Dept 2015]). We also reject defendant's contention that the cocaine should have been suppressed because he was illegally detained. Defendant's allegedly unlawful detention does not provide a basis for suppressing the evidence obtained from the search of the vehicle inasmuch as the officers were authorized to remove defendant from the vehicle and obtained probable cause to search the vehicle before they detained him (see generally People v Holmes, 63 AD3d 1649, 1650 [4th Dept 2009], lv denied 12 NY3d 926 [2009]; People v Laws, 208 AD2d 317, 322 [1st Dept 1995]).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court